UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIRAM EDDINE LEZZAR, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § |
| | § |
| SANDRA HEATHMAN,[1] Houston | § CIVIL ACTION NO. 4:11-CV-4168 |
| District Director, United States | § |
| Citizenship and Immigration | § |
| Services; ALEJANDRO MAYORKAS, | § |
| Director, United States | § |
| Citizenship and Immigration | § |
| Services; JANET NAPOLITANO, | § |
| Secretary of the Department of | § |
| Homeland Security; ERIC H. | § |
| HOLDER, JR., Attorney General of | § |
| the United States, UNITED STATES | § |
| CITIZENSHIP and IMMIGRATION | § |
| SERVICES; and UNITED STATES | § |
| DEPARTMENT OF HOMELAND SECURITY, | § |
| | § |
| | § |
| Defendants. | § |
| | § |
| | § |
| | § |
| | § |
| | § |

OPINION AND ORDER OF PARTIAL DISMISSAL

Pending before the Court in the above referenced petition for *de novo* review of the denial of Plaintiff Kiram Eddine Lezzar's N-400 Application for Naturalization pursuant to Section 301(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500 *et seq.*, *inter alia*, are two motions:  (1)

---

[1] Plaintiff originally named Ricky Hamilton as District Director, but Sandra Heathman currently holds the office.

1 / 33

Defendants' Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim for which relief may be granted (instrument #14); and (2) Plaintiff's motion for leave to amend pleadings pursuant to Fed. R. Civ. P. 15(a)(#17).

Plaintiff is a native and citizen of Algeria, a geologist, and a lawful permanent resident of the United States since August 13, 2003.  Original Complaint, #1 at ¶11.  On April 30, 2009 he filed a Form N-400 Application for Naturalization with the United States Citizenship and Immigration Services ("USCIS"), which was denied on January 11, 2011 for failure to establish that he was "a person of good moral character and for failing to establish attachment to the Constitution of the United States."[2]   #1 at ¶¶12, 14-15; Decision, #17, Ex. A. Tab

---

[2] The general naturalization statute, 8 U.S.C. § 1427(a)(1)-(3), states in relevant part,

No person, . . . shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . ., (2) has resided continuously within the United States from the date of application up to the time of admission to citizenship, and (3) during all periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

See also 8 C.F.R. § 316.2(a)(7)(requiring for eligibility for

1.[3]   Specifically the USCIS determined that Plaintiff was ineligible for naturalization because (1) in his Application for Adjustment of Status, Form I-485, on February 6, 2002 he failed to list the Islamic Society of New York, N.Y. among the organizations of which he was a member; (2) despite the above omission, in response to the question "have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit . . . ," he marked "no"; and (3) he participated (a) in a protest march in Syracuse, New York around 2003-04 and (b) in a demonstration in Houston around 2009-10 to support Zoubir Bouchiki, a former Imam who was subsequently arrested for immigration violations and removed from the United States, and community member Dr. Rafel Dhafir, who was arrested and convicted on 59 counts of violation federal regulations and is currently serving a 22-year sentence. Decision, #17-1.   On February 8, 2011 Plaintiff filed a Form N-

---

naturalization that an alien applicant "[f]or all relevant time periods under this paragraph, has been and continues to be a person of good moral character, attached to the principles of the Constitution of the United States, and favorably disposed toward the good order and happiness of the United States." Where the applicant's spouse is a United States citizen, as allegedly in the case with Plaintiff's wife according to his proposed Amended Petition (#17-1, ¶ 2, "He is married to Farida Lezzar, a U.S. citizen . . . ."), the required period of residence is shortened to three years.  8 U.S.C. § 1430(a).

[3] Plaintiff submitted a copy of the USCIS's Decision with his proposed amended complaint.

336 Request for Hearing on a Decision in Naturalization Proceeding, which on August 5, 2011 was also denied, and the USCIS's earlier determination, affirmed. #1 at ¶¶16-17.

Plaintiff then filed this suit, which, in addition to challenging the denial of his Application for Naturalization by the USCIS under 8 U.S.C. § 1421(c), claimed violations of the APA,[4] the Due Process Clause of the Fifth Amendment in the denial of a meaningful opportunity to be heard, the Equal Protection Clause of the Fourteenth Amendment in Defendants' failure to explain why they had naturalized and continued to naturalize other similarly situated aliens,[5] violations of 42 U.S.C. §§ 1983, 1985(3),[6] and 1986; he also seeks relief under the Mandamus

---

[4] The Original Complaint seeks judicial review to hold unlawful and set aside USCIS' findings and conclusions regarding his application because it acted in an arbitrary and capricious fashion, abused its discretion, violated the law, acted contrary to the rights, privileges, powers, privileges, immunities and freedoms guaranteed by the federal Constitution, failed to follow proper procedures, issued findings or decisions not supported by substantial evidence, and reached conclusions that are not accurate or meritorious. #1, ¶25.

[5] In the body of his complaint he asserts violations of his First Amendment right to freedom of speech, to peaceably assemble and to petition the government for change, and includes them under his Count for civil rights violations of § 1983-1986. #1, ¶ 40.

[6] Plaintiff alleges that "[o]n January 11, 2011, Defendants conspired to illegally deny Plaintiff's application for naturalization on the grounds that he lacked the requisite 'good moral character, attachment to the principles of the U.S. Constitution, and favorable disposition 'toward the good order and happiness' of the U.S." #1, ¶ 14.

Act, 28 U.S.C. § 1361.

## Standards of Review

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Crenshaw-Logal v. City of Abilene, Texas*, 2011 WL 3363872, *1 (5th Cir. 2011), *quoting Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. Mar. 15, 2011); Fed. R. Civ. P. 12(h)(3).  If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, " the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Crenshaw-Logal*, 2011 WL 3363872, *1*, quoting Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  The reasons behind this practice are to preclude courts from issuing advisory opinions and barring courts without jurisdiction "'from prematurely dismissing a case with prejudice.'".  *Id.*, *citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), and *Ramming*, 281 F.3d at 161.

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.  The party asserting that subject matter exists, here the plaintiff, must

bear the burden of proof for a 12(b)(1) motion. *Ramming*, 281 F.3d at 161. In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC*, Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, *citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by

the parties that is relevant to the issue of jurisdiction. *Id.,
citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.
1989). A defendant making a factual attack on a complaint may
provide supporting affidavits, testimony or other admissible
evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir.
1981). The plaintiff, to satisfy its burden of proof, may also
submit evidence to show by a preponderance of the evidence that
subject matter jurisdiction exists. *Id*. The court's
consideration of such matters outside the pleadings does not
convert the motion to one for summary judgment under Rule 56(c).
*Robinson*, 2008 WL 4692392 at *10, *citing Garcia*, 104 F.3d at
1261. "Unlike in a facial attack where jurisdiction is
determined upon the basis of allegations of the complaint,
accepted as true[,] when a factual attack is made upon federal
jurisdiction, no presumption of truthfulness attaches to the
plaintiffs' jurisdictional allegations, and the court is free to
weigh the evidence and satisfy itself as to the existence of its
power to hear the case. In a factual attack, the plaintiffs
have the burden of proving that federal jurisdiction does in
fact exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).
In resolving a factual attack on subject matter jurisdiction
under Rule 12(b)(1), the district court, which does not address
the merits of the suit,[7] has significant authority "'to weigh the

---

[7] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d

evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

Here Defendants' subject-matter-jurisdiction challenge in its partial motion to dismiss is a facial attack.

Relating to Defendants' challenge to the adequacy of Plaintiff's pleading, Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court

---

747, 753 (S.D. Tex. 2003),

> It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.). *cert. denied*, 454 U.S. 897 (1981).] "Jurisdictional issues are for the court--not the jury--to decide, whether they hinge on legal or factual determinations. *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim

that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed

with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).  *Iqbal*, 129 S. Ct. at 1949.  The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ."  *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).  *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336

F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken").   Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment.   *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011).   "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."   Fed. R. Evid. 201(b).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."   *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008).   *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

Federal Rule of Civil Procedure 15(a) provides in relevant part,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A court has discretion in deciding whether to grant leave to amend.  *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Since the language of the rule "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request.  *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or

defense that is legally insufficient on its face . . . ."   6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

**Defendants' Partial Motion to Dismiss (#14) and Reply (#24)**

Defendants Sandra Heathman, Houston District Director of USCIS, Alejandro Mayorkas, Director of USCIS, Janet Napolitano, Secretary of the Department of Homeland Security ("DHS"), Eric H. Holder, Attorney General of the United States, DHS, and USCIS explain the process of seeking naturalization. The Secretary of the Department of Homeland Security, currently Janet Napolitano, has the "sole authority to naturalize persons as citizens of the United States . . . ."   8 U.S.C. § 1421(a),[8] and USCIS is charged with adjudicating applications for nationalization on the her behalf. To become a naturalized citizen, an applicant first submits an application for naturalization on Form N-400 and the requisite fee. 8 U.S.C. § 1445(a); 8 C.F.R. § 334.2(a). Then a background check of the applicant is performed, including a criminal investigation by the Federal Bureau of Investigation

---

[8] The statute actually states that the Attorney General has the sole authority, but in 2002 Congress transferred that authority to the Secretary of the Department of Homeland Security, effective March 1, 2003. *See, e.g., Awe v. Napolitano*, No. 11-5134, 2012 WL 3553721, *2 (10th Cir. Aug. 20, 2012), *citing Ajlani v. Chertoff*, 545 F.3d 229, 232 n.2 (2d Cir. 2008); *Batalova v. Ashcroft*, 355 F.3d 1246, 1248 n.1 (10th Cir. 2004). Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135 (2002).

("FBI").   8 U.S.C. § 1446(a); 8 C.F.R. §§ 335.1, 335.2(a), 335.2(b);  Pub. L. No. 105-119, 111 Stat. 2440, 2448-49 (1997)("adjudication of naturalization cannot occur until USCIS has received confirmation from the FBI that a full criminal background check has been completed").  If the applicant passes, a personal examination/interview of the applicant by USCIS follows.   8 U.S.C. §§ 1446(a), 1446(B); 8 C.F.R. §§ 337.1, 337.9.  If his application is denied, the applicant must exhaust his administrative remedies by requesting a hearing before an immigration officer under 8 U.S.C. § 1447(a).   If the application is still denied, the person may seek *de novo* review in the United States District Court in the district in which he resides.   8 U.S.C. § 1421(c); 8 C.F.R. § 336.9(d).   This judicial review of a naturalization denial is not limited to the administrative record, but can be based on facts established in and found by the district court in its *de novo* review.  *Aparicio v. Blakeway*, 302 F.3d 437, 445 (5th Cir. 2002).  If no decision has been made on the application within 120 days after the USCIS interview, the applicant may also apply to the federal district court in which he resides for a hearing, and the court may either determine the matter or remand it with instructions.   8 U.S.C. § 1447(b); 8 C.F.R. § 335.2(a).[9]  If the application is

---

[9]  Since 1990 when Congress removed naturalization jurisdiction from the district courts and gave the Attorney

granted after the person-to-person interview, the applicant is administered an oath of allegiance and is then deemed "a citizen of the United States."  8 C.F.R. §§ 337.1, 337.9.

The alien has the burden of establishing his eligibility for naturalization in every respect, not merely in response to the reasons identified in an administrative denial, and all doubts must be resolved in favor of the United States.  *Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967); *Gonzalez v. Chertoff*, Misc. No. H-07-0700, 2008 WL 1836685, *2 (S.D. Tex. Apr. 22, 2008).

Defendants first assert that 8 U.S.C. § 1421(c) is the exclusive judicial remedy to challenge a denied naturalization application.  Section 1421(c) provides,

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5.  Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner,

General (and since then the Department of Homeland Security) the exclusive ability to naturalize aliens, the only two points in the process in which the district court has the right to intervene are (1) when USCIS denies an naturalization application and the denial has been affirmed on administrative review under 8 U.S.C. § 1421(c); and (2) when an applicant for naturalization has been interviewed by the USCIS and more that 120 days elapse without the issuance of a decision under 8 U.S.C. § 1447(b).  *See, e.g., Ogunfuye v. Acosta*, 210 Fed. Appx. 364, 366 (5th Cir. Dec. 13, 2006).

conduct a hearing de novo on the application.
Section 1421(d) states, "A person may only be naturalized as a citizen of the United States in the manner and under the conditions prescribed in this subchapter and not otherwise."

Even though § 1421(c) is the only express provision for judicial review of a denial of a naturalization application, Plaintiff nevertheless seeks review under the APA, too.  Because § 1421(c) provides an adequate remedy in court,[10] jurisdiction to review the denial of Plaintiff's Application for Naturalization under the APA and the Mandamus Act is precluded, maintain Defendants.  It is well settled that the APA, 5 U.S.C. § 554,[11] does not provide an explicit or implied grant of subject matter jurisdiction permitting federal judicial review of agency action

_____

[10] The Court observes that the APA, 5 U.S.C. § 704, limits judicial review to where "there is no other adequate remedy in a court."  "When Congress enacted the APA to provide a general authorization for review of an agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  Plaintiff's remedy under 8 U.S.C. § 1421(c) requires dismissal of his APA claim with prejudice.  *See, e.g., Khawaja v. Mueller*, Civ. A. No. H-11-3603, 2012 WL 1857849, *6 (S.D. Tex. May 21, 2012), *citing Bowen*, 487 U.S. at 903, and *Escaler v. U.S. Citizenship & Immigration Services*, 582 F.3d 288, 291[n.1] (2d Cir. 2009)(rejecting claim that the APA might augment "the sweeping *de novo* review provided by Section 1421(c).").

[11] Plaintiff also cites § 555, but it provides for counsel for a person appearing before an agency or entitlement to copies of or access to transcripts, reports, agency subpoenas, etc., i.e., matters not at issue here so it is inapplicable.

and thus does not apply to immigration adjudications. *Califano v. Sanders*, 430 U.S. 99, 104-06 (1977)("the better view is that the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions"). Instead 28 U.S.C. § 1331 "confer[s] jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate." *Id.* at 105. *See Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 282 (9th Cir. 1988)(the APA "does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established."), *citing Califano*, 430 U.S. at 106-07 & n.6. Moreover, 5 U.S.C. § 554(a)(1) states that the APA's adjudication procedures do not apply to "a matter subject to a subsequent trial of the law and the facts de novo in a court,"[12] as is the case under § 1421(c), so the APA does not apply to denial of an application for naturalization. Nor is there jurisdiction under the APA, 5 U.S.C. §§ 702 *et seq.*, because § 702 states that it does not "affect[] other limitations on judicial review . . . or confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief is sought." The judicial review

---

[12] *See, e.g., Arwady Hand Trucks Sales, Inc. v. Vander Werf*, 507 F. Supp. 2d 754, 760 (S.D. Tex. 2007).

authorized under § 702 is limited by 5 U.S.C. § 704 to "final agency actions for which there is no other adequate remedy in a court."   Nor is review available under 5 U.S.C. § 706 on the grounds that the decision was arbitrary, capricious, and an abuse of discretion, not in accordance with the law, or contrary to a constitutional right, power, privilege or immunity, because review under § 706 is limited to the administrative record, while review under 8 U.S.C. § 1421(c) is *de novo* and not for the purpose of reviewing the recommendation of the agency. *Application of Murra*, 178 F.2d 670, 672 (7th Cir, 1949).   The United States Supreme Court has opined, "[T]he power to make someone a citizen of the United States has not been conferred upon the federal courts . . . as one of their generally applicable equitable powers.   Rather, it has been given them as a specific function to be performed in strict compliance with the terms of an authorizing statute, which says that '[a] person may be naturalized . . . in the manner and under the conditions prescribed in this subchapter, *and not otherwise*.'"   *I.N.S. v. Pangilinan*, 486 U.S. 875, 883-84 (1988)(emphasis added by Supreme Court), *quoting* 8 U.S. 1421(d).   "An alien who seeks political rights as a member of this Nation can rightfully obtain them only upon terms and conditions specified by Congress."  *Id.* at 884.

Second Defendants also contend that there is no

jurisdiction for mandamus relief because § 1421(c) provides adequate review. Mandamus relief, an extraordinary remedy, is only available if the plaintiff proves that (1) he lacks another adequate remedy and has exhausted all other avenues of relief; (2) the defendant owes him a clear, nondiscretionary duty to act; and (3) he has a clear right to the relief sought. *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998). Plaintiff here has relief available under 8 U.S.C. § 1421(c) and it is ongoing.[13]

Third, regarding Plaintiff's due process cause of action, Defendants highlight Article I, § 8, cl. 4 of the United States Constitution, which states, "Congress shall have [the] Power . . . [t]o establish an uniform Rule of Naturalization." "An alien who seeks political rights as a member of this Nation can rightfully obtain them only upon terms and conditions specified by Congress." *United States v. Ginsberg*, 243 U.S. 472, 474 (1917).[14] "There is no protected liberty interest in

---

[13] This Court also notes that an applicant has no "clear right" to naturalization because the USCIS has discretion to grant or deny an application, although USCIS must process the application within a reasonable time. *Ayyub v. Blakeway*, Civ. A. No. SA-10-CV-149-XR, 2010 WL 3221700, *3 (W.D. Tex. Aug. 13, 2010); *Alkenani v. Barrows*, 356 F. Supp. 2d 652 (N.D. Tex. 2005).

[14] In their combined reply brief (#24 at pp. 1-2), Defendants quote from *Tutun v. United States*, 270 U.S. 568, 578 (1926):

naturalization beyond that which Congress has provided by statute" in § 1421(c). *Morgovsky v. DHS*, 517 F. Supp. 2d 581, 585 (D. Mass. 2007). "This may be a denial of desired process, but it is not a denial of due process." *Id.* at 586. Plaintiff's due process claim, brought under the Fifth Amendment, should be dismissed because review under 8 U.S.C. § 1421(c), in providing for *de novo* review, exceeds that required to meet due process and affords him a meaningful opportunity to be heard.[15]  In *Aparicio*, 302 F.3d at 447, the Fifth Circuit opined about the review provided under § 1421(c),

> The review afforded them by section 1421(c) is *de novo* with the district court considering evidence brought before it and making its own findings of fact and conclusions of law. *See* 8 U.S.C. § 1421(c). Congress

_____

> The opportunity to become a citizen of the United States is said to be merely a privilege, and not a right.  It is true that the Constitution does not confer upon aliens the right to naturalization. Article 1, § 8, cl. 4.  The opportunity having been conferred by the Naturalization Act, there is a statutory right in the alien to submit his petition and evidence to a court, to have that tribunal pass upon them, and, if the requisite facts are established, to receive the certificate. . . .  There is no "right to naturalization unless all statutory requirements are complied with." [*Ginsberg*, 243 U.S. at 475.]

[15] To state a viable due process claim under the Fifth Amendment, a plaintiff must first identify a protected liberty or property interest and then show that the government deprived him of that interest without due process. *Kasica v. U.S. Dept. of Homeland Security, Citizenship and Immigration Services*, 660 F. Supp. 2d 277, 281 (D. Conn. 2009), *citing Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1971).

has therefore afforded the appellants a complete and wholly adequate review, greatly in excess of the review found acceptable in [*Reno v. Catholic Social Services, Inc.,* 509 U.S. 43 (1993)]. We also note that the applicants here are not fighting to gain or keep their permanent resident status through the one-time-only SAW [Special Agricultural Worker, *see* 8 U.S.C. § 1160] program, but merely seek to be naturalized. Nothing prevents an applicant denied naturalization from filing another application. Finally, while the possible delays in the system may be frustrating, a delay of some 120 days--or much longer--does not render the appeal so inadequate as to allow the plaintiffs to escape Congress' intended review process.

*See id.* at 445 ("Judicial review of naturalization denials is always available and is de novo, and is not limited to any administrative record but rather may be on facts established in and found by the district court de novo."). *See also Kasica v. USCIS*, 660 F. Supp. 2d 277, 281 (D. Conn. 2009)(Because "[d]istrict courts have plenary authority to review naturalization proceedings, so long as an unsuccessful applicant first exhausts his or her remedies," the court rejected the applicant's claim that she was deprived of her liberty interest in receiving a fair hearing regarding naturalization). Defendants also contend that Plaintiff has not adequately pleaded a due process claim because he has failed to identify any protected property or liberty interest of which he was deprived, nor has he alleged that the review under § 1421(c) was

insufficient for due process.[16]

Fourth, the equal protection claim must be dismissed because Plaintiff is challenging an act of the federal government and the Fourteenth Amendment applies only to state action. *Boyd v. United States*, 861 F.2d 106, 107-08 (5th Cir. 1997)(affirming dismissal of Fourteenth Amendment claim because it "applies to the states, not to the federal government"); *Timmer v. Michigan Dep't of Commerce*, 104 F.3d 833, 839 (6th Cir. 1997)("the Fourteenth Amendment applies only to state action").

Plaintiff's claims under 42 U.S.C. § 1983 also fail because the statute applies only to state officers acting under color of state law and provides no cause of action against the United States, its agencies, or federal employees regardless of their capacities. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Resident Council of Allen Parkway Village v. HUD*, 980 F.2d 1043, 1053 (5th Cir. 1993), *cert. denied*, 510 U.S. 820 (1993); *Boyd v. United States*, 861 F.2d 106, 10708 (5th Cir. 1988).[17]

---

[16]   This Court notes that a district court in Florida has expressly held that because there is no fundamental right to naturalize, a plaintiff cannot maintain a substantive due process claim based on a denial of an application for naturalization. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337 1347-48 (S.D. Fla. 2998)

[17]   Defendants here are named only in their supervisory capacities. This Court would point out that Plaintiff has not stated a claim against the Defendant federal officials under *Bivens v. Six Unknown Named agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)(allowing a claim against

The claims under 42 U.S.C. §§ 1985(3) and 1986 also fail because they are barred by sovereign immunity and because an allegation of race-based conspiracy or animus is required, but is lacking here.  To state a § 1985(3) claim,[18] a plaintiff must

_____

federal officers acting under color of law for violations of an individual's constitutional rights).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 129 S. Ct. at 1948.  Plaintiff has not alleged any facts showing that the federal defendants were personally involved in violating any constitutional rights of Plaintiff.  *See, e.g., Abulkhair v. Bush*, 413 Fed. Appx. 502, 506-07 (3d Cir. Feb. 9, 2011)(in an action  asserting wrongful denial of plaintiff's application for naturalization based on his Muslim beliefs, panel dismissed *Bivens* claim under Rule 12(b)(6) for failure to allege specific claims against named defendants), *cert. denied*, 131 S. Ct. 2884 (2011).  Besides personal involvement the only other basis on which the Fifth Circuit has recognized an exception to the prohibition of *respondeat superior* liability under *Bivens* is when the official "implements a policy so deficient that the policy itself acts as a deprivation of constitutional rights."  *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).  Plaintiff has not alleged such a policy, no less facts showing a deficient policy.  *See also Harvey v. Turnbo*, Nos. 94-101810, 94-10439, 1994 WL 499746, *3 (5th Cir. Tex. Aug. 24, 1994), *quoting  Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)("the existence of a constitutionally deficient policy cannot be inferred from a single wrongful act").

Furthermore the Supreme Court has held that a *Bivens* action cannot be brought against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994), *cited for that proposition in Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir, 1995).

[18] To state a claim under § 1985(3), a plaintiff must allege (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, and (3) an act in furtherance of the conspiracy, which (4) causes injury to a person or property, or a deprivation of any right or privilege

assert that the conspirators were motivated by racial animus. *Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000).[19]   There is no such allegation here.   Plaintiff's conspiracy claim must also be dismissed because Defendants are part of the same entity and thus incapable of conspiring with themselves for purposes of § 1985(3).   *Benningfield v. City of Houston*, 213 F.3d 267, 276 (5th Cir. 2000); *World of Faith World Outreach Center Church, Inc. v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996).   Because Plaintiff has no claim under § 1985(3), his derivative claim under § 1986[20] also fails because it requires a viable conspiracy claim under §

---

of a citizen of the United States.   *Hillard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).

   The Fifth Circuit requires that a plaintiff pleading claims for conspiracy under § 1985(3) must allege that it was motivated by racial animus.   *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 757 (5th Cir. 1987); *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir.), *cert. denied*, 131 S. Ct. 507 (2010).   Moreover the plaintiff must plead more than conclusory allegations of conspiracy; he must allege with specificity the operative facts on which the claim is based and that the defendants agreed to commit an illegal act.   *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982).

   [19] *See also Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

   [20]   Section 1986 provides, "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . ."

1985(c) as a predicate. *Galloway v. Louisiana*, 817 F.2d 1154, 1159 n.2 (5th Cir. 1987).[21]

Finally, insist Defendants, the USCIS is the only proper defendant in a cause of action under 8 U.S.C. § 1421(c), so claims against the other Defendants must be dismissed. *Amin v. INS*, No. 4:09-cv-623-A, 2010 WL 2034802, *1 n.1 (N.D. Tex. May 21, 2010)("The applicable regulations require a petition for review to be brought against the "Immigration and Naturalization Service" ("INS"). 8 C.F.R. § 336.9(b) (2009). In 2003, INS was abolished and replaced by the United States Citizenship and Immigration Services ('USCIS')."), *citing Mahmoud v. Gonzales*, 485 F.3d 175, 177 n.1 (1st Cir. 2007)("In 2003, the functions of the former INS were transferred to the newly formed Department of Homeland Security . . . ."); *Kaur v. Chertoff*, 489 F. Supp. 2d 52, 55 n.5 (D.D.C. 2007).

### Plaintiff's Response (#17)

Plaintiff disagrees with all the arguments in Defendants' partial motion to dismiss and insists he may bring all its claims in addition to the one for judicial review under 8 U.S.C. § 1421(c). Plaintiff argues that his APA, mandamus, and due process causes of action are not challenging USCIS's decision to deny his N-400 or its decision in his N-336 proceedings, but

---

[21] *See also Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000).

instead attack Defendants' erroneous interpretations and their arbitrary and capricious processes in his administrative proceedings.

### Court's Decision

This Court agrees with Defendants that as a matter of law it has no subject matter jurisdiction over Plaintiff's purported challenge to the denial of his application for naturalization under the APA and the Mandamus Act, so his claims under these statutes must be dismissed under Rule 12(b)(1).

Plaintiff's due process claim must be brought under the Fifth Amendment, not the Fourteenth, since Defendants are federal, not state, actors. Nevertheless Plaintiff has not and cannot establish a liberty interest for his due process claim because § 1421(c) provides him with a meaningful opportunity to be heard, a *de novo* review over which this Court has plenary authority. *Aparicio*, 302 F.3d at 447; *Kasica*, 660 F. Supp. 2d at 281.

Furthermore, as Defendants have shown, as a matter of law an equal protection claim under the Fourteenth Amendment applies only to state actors and state action, not to the federal government.

Moreover the Court also agrees with Defendants that Plaintiff has failed to state a claim for civil rights violations under 42 U.S.C. §§ 1983, 1985(c) and 1986. As

discussed above, the Section 1983 fails because the statute applies to state official acting under color of state law. Because Defendants are named only in their official capacities, there is no *Bivens* claim stated because Plaintiffs have failed to plead any facts that might support a *Bivens* claim against Defendants in their individual capacities. *Bivens*, 403 U.S. at 397.  Federal sovereign immunity bars claims brought against the federal government under §§ 1985(3) and 1986. *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5ᵗʰ Cir. 1999)("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity.").  Plaintiff fails to allege racial animus or any other invidious class-bsed discrimination as the motivation for the alleged conspiracy under § 1985(3).  *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5ᵗʰ Cir. 2001)("'In this circuit we require an allegation of a race-based conspiracy' to present a claim under § 1985(3)."), *quoting Bryan v. City of Madison*, 213 F.3d 267, 276 (5ᵗʰ Cir. 2000), *cert. denied*, 531 U.S. 1145 (2001). Moreover the proper Defendants are officials of USCIS, a single legal entity and government agency unable to conspire with itself for purposes of § 1985(3). *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5ᵗʰ Cir. 1994)("Under the intracorporate conspiracy doctrine, alleged concerted action by employees or officials of

the same entity or organization cannot constitute a conspiracy for purposes of § 1985); *Jackson v. Signh*, Civ. A. No. H-06-2920, 2007 WL 2818322, *11 (S.D. Tex. Sept. 25, 2007)("Because a unit of government and its employees are deemed to constitute a single legal entity, governmental entities and their employees cannot conspire among themselfs for purposes of § 1985(3)."); *Crutcher-Sanchez v. County of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012)[22] Moreover the operative facts of an alleged conspiracy under § 1985(3) must be pled with specificity, but are not here. *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987); *Phillips v. United Parcel Service*, 2011 WL 2680725, *12 (N.D. Tex. June 21, 2011)(conclusory allegations insufficient).   Because liability under § 1986 is derivative of liability under § 1985 and because Plaintiff has failed to state a claim under § 1985, the § 1986 claim must also be dismissed.   *Chapman v. United States*, Civ. A. No. 4:06-CV-426-Y, 2006 WL3831227, *2 (N.D. Tex. Dec. 27, 2006)("Because Chapman has not stated a claim under §

---

[22] An exception to this rule recognized in *Crutcher-Sanchez* is when the government agents conspire by acting beyond the scope of their authority or for their own benefit.  687 F.3d at 987.  The panel opined, "'A plaintiff who pleads only that the government actor 'acted in the course and scope of '[his] employment' fail[s] to demonstrate the existence of a conspiracy.'"   *Id.*   Such is the case here.   *See also Benningfield v. City Of Houston*, 157 F.3d 369, 379 (5th Cir. 1998)(recognizing same possible exception, but dismissing claim for failure to show class-based animus motivating the conspiracy).

1985, there can be no claim under § 1986."), *citing Grimes v. Smith*, 776 F.2d 159, 1263 n.4 (7th Cir. 1985); *Galloway v. State of Louisiana*, 817 F.2d 1154, 1159 n.2 (5th Cir. 1987)(because § 1986 provides a cause of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid . . . neglects or refuses so to do," without a claim under § 1985 plaintiff cannot sustain a claim under § 1986).

As noted earlier, although Plaintiff requests discovery before the Court rules on the partial motion to dismiss, he is not entitled to discovery until he states a plausible claim under Rule 12(b)(6).  *Iqbal*, 129 S. Ct. at 1949 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  He has failed to do so under these causes of action.

Plaintiff further moves the court to grant him leave to amend and attaches a draft of his proposed pleading that purportedly contains excerpts from the administrative record that he maintains support his additional causes of action and seeks joinder of defendants other than USCIS.  Because this Court agrees as a matter of law with the arguments made by Defendants in their partial motion to dismiss all claims except that under 8 U.S.C. § 1421(c) and because the proposed amended

complaint merely regurgitates the same claims as the original complaint, the Court denies the motion for leave to amend for failure to cure deficiencies and futility. *Wimm v. Jack Eckerd Corp.*, 3 F.3d at 139. For the reasons indicated above regarding the original complaint, Plaintiff's proposed amended complaint again "advances . . . claim[s] that [are] legally insufficient on [their] face . . . ." 6 Charles A. Wright, *et al.*, *Federal Practice and Proc.* § 1487.

The Court concurs with Defendants that as a matter of law Plaintiff's sole recourse for judicial review of the denial of his application for naturalization is under the exclusive remedy of 8 U.S.C. § 1421(c). 8 U.S.C. § 1421(d). Moreover, the Court finds that Plaintiff has exhausted his administrative remedies for purpose of the review under § 1421(c).

Regarding proper defendants to this suit under 8 U.S.C. § 1421(c), following the 2002 transfer of authority to adjudicate applications for naturalization from the Attorney General of the United States to the Secretary of Homeland Security, the Secretary of Homeland Security, and thus officials of USCIS in their official capacity, are the proper defendants. *Awe v. Napolitano*, 2013 WL 3553721, at *2 n.3, *citing* 6 U.S.C. § 557 ("With respect to any function transferred by or under this chapter [principally enacted by the Homeland Security Act of 2002] . . . and exercised on or after the effective date of this

chapter, reference in any other Federal law to any department, commission, or agency or any officer or office the functions of which are so transferred shall be deemed to refer to the Secretary [of Homeland Security], or other official, or component of the Department of Homeland Security] to which such function is so transferred."). Under Federal Rule of Civil Procedure 25(d) Secretary of Homeland Security Janet Napolitano should automatically be substituted for Attorney General Eric Holder. Thus Defendant Eric Holder, Attorney General of the United States, is dismissed.

Accordingly, for the reasons stated above, the Court grants Defendants' partial motions to dismiss (#14) as follows. The Court

ORDERS that Plaintiff's claims under the APA and the Mandamus Act are DISMISSED for lack of subject matter jurisdiction under Rule 12(b)(1). The Court further

ORDERS that Plaintiff's civil rights claims under 42 U.S.C. §§ 1983, 1985(3) and 1986, and for violation of due process under the Fifth Amendment and violation of equal protection under the Fourteenth Amendment are DISMISSED for failure to state a claim under Rule 12(b)(6). Finally, the Court

ORDERS that Plaintiff's motion for leave to amend (#17) is DENIED for failure to cure deficiencies in the proposed pleading and as futile.

Plaintiff's claim under 8 U.S.C. § 1421(c) for *de novo* review of the USCIS' denial of his application for naturalization shall proceed.

SIGNED at Houston, Texas, this 11th day of October, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE